Argued June 19, reversed and remanded August 25, reconsideration denied October 8, petition for review denied
November 12, 1975

DRAIN ET AL, *Appellants, v.* CLACKAMAS
COUNTY ET AL (No. 87-416), *Respondents.*

539 P2d 673

*William L. Brunner,* Portland, argued the cause
and filed the brief for appellants.

*Richard F. Crist,* Deputy District Attorney, Ore-

gon City, argued the cause for respondent Clackamas County. With him on the brief was Roger Rook, District Attorney, Oregon City.

*Arthur B. Knauss,* Milwaukie, argued the cause for respondents McGahuey, R & L Enterprises, Inc., and Hart's Homes, Inc. On the brief were Gerald R. Pullen, Portland, and James E. Redman, Milwaukie.

*James E. Auxier,* Portland, argued the cause and filed the brief for respondents Wilson, Anderson and Wellock.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

In this mandamus proceeding petitioning property owners seek to compel defendant county to cancel building permits issued by it for single family dwellings on certain lots on the ground that the lot sizes do not conform to the county zoning ordinance, and seek to have the dwellings constructed or owned by others of the defendants on the lots in question removed.

Defendants demurred on various grounds including failure of the alternative writ to state a cause of action. The circuit court sustained the demurrer on that ground. Petitioners refused to plead further, and the court thereupon entered its order dismissing the writ. Petitioners appeal.

The land in question consists of certain residential sites now denominated Lots 1, 2, 3, 4 and 5 of the Woodland Court Subdivision which is located in the Oak Grove area of Clackamas County. Defendants, with the exception of Clackamas County and its commissioners, are alleged now to have, or to have had,

at some period here involved, an interest in said real property as owner, contract holder, contractor or developer. Petitioners are homeowners whose lands abut or are within 200 feet of the aforesaid lots.

On May 9, 1972, petitioners and other property owners in the area initiated a proceeding pursuant to the Clackamas County Zoning Ordinance to change the zoning classification of each of the described lots from R-7 (single family residential, 7,000 square feet) to R-20 (single family residential, 20,000 square feet).

Also in May 1972 defendants R & L Enterprises, Inc. and Hart's Homes, Inc., then possessing legal control of the land embracing the above lots, applied to the Clackamas County Planning Commission for the platting and subdivision approval of their property under the then existing R-7 zone classification.

The petition in Exhibit "A" alleges:

"A review of the subdivision file, Sub74-72, indicates that although preliminary approval and approval thereof by the Planning Commission was given in June of 1972, as was the case with the zone change which was given Planning Commission approval on June 26, 1972, and that application for the subdivision approval was filed shortly after the Petition for zone change was filed on May 9, 1972, that the plat was not dedicated until 9/25/72, nor approved by the county surveyor, roadmaster, etc., until October or November, '72 date, and apparently was not approved by the County Commissioners until the recording date of 12/19/72."

On August 4, 1972, the Board of Commissioners of Clackamas County, pursuant to further public hearings on the matter, approved petitioners' proposed zone change request and amended the Clackamas County Zoning Ordinance accordingly. The zoning

classification of the real property involved in this proceeding has since remained R-20.

In December 1973 and January 1974, however, defendant owner-developers sought and obtained building permits to erect single family dwellings on each of Lots 1 through 5 of the Woodland Court Subdivision. On February 4 and 5, 1974, petitioners made written request through legal counsel to the Clackamas County commissioners, the Clackamas County district attorney and the planning commission for appropriate action to correct zoning violations.

Thereafter, when no corrective action was undertaken by the county to correct the alleged violations, this proceeding was commenced on May 22, 1974.

However, the Clackamas County Zoning Ordinance in effect at all times material to this controversy, at least since January 4, 1971, contained the following provisions:

"9.41 The requirements and regulations specified in this Ordinance shall be subject to the following modifications and interpretations:

"* * * * *

"9.41, A, 2 In any district where dwellings are allowed, a one family dwelling may be erected on a lot that has been recorded in the office of the County Assessor and was not contiguous to other property under legal control of the same owner or owners, prior to the effective date of this Ordinance, irrespective of the lot width, depth, or area. A one family dwelling may be erected on each lot of a recorded plat. However, no dwellings shall be built on a lot of less than 3,000 square feet in area, except when authorized by other prevailing ordinance provisions."

All defendants here strongly contend that the trial court correctly concluded that that section was

intended to and does exempt the land here involved from the application of the general rule concerning the effect of a subsequent zoning ordinance or amendment thereto upon a prior duly approved subdivision plat. *See: Clackamas Co. v. Holmes,* 265 Or 193, 508 P2d 190 (1973); *Parks v. Tillamook Co. Comm./ SPLIID,* 11 Or App 177, 196, 501 P2d 85 (1972), Sup Ct *review denied* (1973); 3 Anderson, American Law of Zoning 438, § 19.23 (1968); 3 Rathkopf, The Law of Zoning and Planning 71-102, ch 71 (3d ed 1972).

Petitioners, on the other hand, while 'denying the validity of defendants' contentions, point out that the subdivision plat, though approved by the planning commission prior to the amendment of the zoning ordinance, was not recorded in the office of the county assessor, as Section 9.41(A)(2), supra, requires, until some time after the zoning ordinance was amended August 4, 1972. Thus, they contend, even if otherwise applicable, it could not apply here.

Petitioners' principal assertion is that that proviso has no application here because, though approved by the planning commission before the zoning ordinance was amended by the board of county commissioners, the subdivision plat was neither "dedicated" by that board until after the zoning ordinance was amended, "nor approved by the County surveyor, roadmaster, etc." Defendants, on the other hand, contend that once approved by the planning commission, the remaining steps are purely ministerial.

We conclude, however, that it is unnecessary to decide this question, because in our view Section 9.41(A)(2), supra, construed as a whole, does not apply to the facts here. Under the allegations of paragraphs IV and VII of the petition,[1] it is alleged that at the time

[1] Paragraphs IV and VII from Alternative Writ of Mandamus issued July 9, 1974:

the subdivision plat was filed and approval of it obtained from the county planning commission on June 26, 1972, as well as at the time the zoning ordinance was amended August 4, 1972, each of the lots in the

"IV.

"That Petitioners are informed and believe, and therefore allege that defendants, C. R. Moe and Sena G. Moe, husband and wife, were the owners of that certain real property described as Lot 1, Block 75, First Subdivision of a portion of Oak Grove, later to be described as Lots 1, 2, 3, 4 and 5, except the easterly 2 feet thereof, Woodland Court Subdivision, Clackamas County, Oregon, which property is immediately adjoining or in close proximity to Petitioners' property hereinabove-described, which property was sold on contract on or about the 11th day of May, 1972, to defendants, Lyle J. and Ruth E. McGahuey, husband and wife, who in turn, on or about ʼMay 3, 1973, assigned their vendee's interest in said contract to defendant, R & L Enterprises, Inc., which Corporation in turn assigned or conveyed a portion thereof to defendant, Hart's Homes, Inc. That defendants, R & L Enterprises, Inc. and Hart's Homes, Inc., both Oregon corporations, are engaged in the business of developing and building various structures for residential use and sale, and are parties to agreement or agreements wherein the individuals and Corporations named are individually and/or jointly and/or in cooperation with defendant, Keith L. Wilson, contractor, and others, have caused to be or are constructing upon the aforesaid property, residential structures, and that all of said parties are acting in concert, by prior agreement, and their efforts have been and are directed towards the same common goal: i.e., completion and development of single family dwellings for sale. That for the purposes of this proceeding, said parties are hereinafter referred to as the owner-developers.

"VII.

"In May, 1972, certain owner-developers of the property described in Paragraph IV, to-wit: R & L Enterprises, Inc. and Hart's Homes, Inc., and/or their agent, R. McGahuey, did, by application to the Clackamas County Planning Commission, seek in Planning Commission proceeding Sub 74-72, the platting and subdivision approval of their property under an R-7 (7,000 square foot) zone classification. That said requested plat and subdivision, entitled the WOODLAND PARK SUBDIVISION, was not legally approved in that the dedica-

proposed subdivision was "contiguous to other property under legal control of the same owner or owners."

Defendants would have us view the sentence in Section 9.41(A)(2), supra, which states, "A one family dwelling may be erected on each lot of a recorded plat," as though it were entirely independent of the remainder of the paragraph, as the trial court did. To do so would render unnecessary and meaningless the entire first sentence of the paragraph. ORS 174.010. We think that the word "lot" in the sentence just quoted refers only to a lot which first meets the qualifications set forth in the first sentence. Furthermore, it must be remembered that Section 9.41 is solely an exclusionary provision designed to, exempt from the general provisions of the county zoning ordinance a single lot in separate ownership under what might otherwise be cases of serious hardship, even, perhaps, raising the specter of confiscatory application.

The use of the word "and" rather than "or" in the first sentence reinforces our conclusion that before the exclusionary clause comes into effect it is necessary that both conditions have been complied

tion thereof did not occur until September 25, 1972, nor was the same approved by the County Roadmaster, the County Surveyor, or signed by the County Commissioners and recorded in the County Records until November 3rd, November 14th, and December 19, 1972, respectively. That the attempt to approve said subdivision and platting with lots of 7,000 plus square feet and less than 20,000 square feet each within the area described in Paragraph IV hereof, was improper, unlawful, void and a nullity, in that the same was not completed by the time the aforesaid R-20 zone change became effective, to-wit: August 4, 1972. In the alternative, such subdivision, being dedicated and approved subsequent to the R-20 zone reclassification of the concerned property, could in no way vary the building requirements required of such R-20 zone classification."

with prior to invoking the application of Section 9.41(A)(2).

Since it is clear that the petition does not allege facts necessary to authorize the application of Section 9.41(A)(2) of the zoning ordinance, it follows that the demurrer upon the ground ruled upon[2] should not have been sustained.

In the view we have taken of this case we find it unnecessary to consider the other matters urged by the parties on this appeal. The order dismissing the alternative writ is reversed and the matter remanded for further proceedings.

Reversed and remanded.

---

[2] We note that other grounds were asserted in demurrers filed by various parties. Since the court did not rule upon those, and the matters raised therein were neither briefed nor argued, we do not consider them here.